# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

SARA BUILTA,

      Debtor.

Case No. 09-10100-RGM
(Chapter 7)

## MEMORANDUM OPINION

      This case is before the court on the United States Trustee's motion to require Quinton E. Yancey, a bankruptcy petition preparer, to disgorge fees paid to him and to impose sanctions. The court finds that Mr. Yancey's errors do not warrant sanctions. However, he will be required to disgorge all fees paid to him or his accounting firm in excess of those initially disclosed.

      Sara Builta found herself in financial difficulties principally from the repossession of a boat and the resulting deficiency. She decided that filing bankruptcy was the solution to her difficulties. She spoke with a friend who suggested that she speak with the friend's father, Quinton E. Yancey, an accountant. Ms. Builta did so. Mr. Yancey, whose office is in Winchester, twice traveled to Reston to meet with her. He interviewed her and obtained the information to complete her schedules, statement of affairs and other documents required to be filed with the court. His interview was not adequate. It resulted in errors on the schedules that he should have recognized and remedied. For example, Schedule B, "Personal Property", stated that Ms. Builta owned no wearing apparel and that her 2006 Mini automobile had no value. In fact, Ms. Builta owned some clothes and the value of her Mini automobile was about $19,000. Ms. Builta listed two creditors on Schedule D, "Creditors Holding Secured Claims". The value of the properties subject to the

creditors' liens were listed as "$0.00" as were the amounts of the claims. One of the creditors scheduled on Schedule D was Ms. Builta's landlord, but no security deposit was listed on Schedule B, Question 3. The other creditor was the credit union which held a $23,000 lien on her Mini automobile.

Mr. Yancey's disclosure of his compensation stated that he had agreed to accept $200 for document preparation services, had received this amount and that no balance was due. The answer to Question 9 on the statement of financial affairs stated that Ms. Builta had made no payments relating to bankruptcy counseling, including "preparation of a petition in bankruptcy", in the prior year. In fact, his accounting firm prepared an invoice dated November 19, 2008, the same day that Mr. Yancey signed and dated his disclosure statement. The invoice stated that the total bill was $700 of which $200 had been paid. The invoice reflects three services: preparation of the means test ($300); review of Ms. Builta's credit report ($200); and preparation of her bankruptcy documents ($200). The balance due was shown as $500.

The United States Trustee asserts that Mr. Yancey violated 11 U.S.C. §110 in several respects and that several of the violations constitute fraudulent, unfair or deceptive conduct. He seeks disgorgement of the fees paid by Ms. Builta and damages payable to the debtor pursuant to 11 U.S.C. §110(i).

The court heard the testimony of the witnesses and reviewed the schedules, statements and disclosures filed in this case. The evidence supporting the United States Trustee's allegations is not sufficient to support sanctions. One assertion was that Mr. Yancey engaged in the unauthorized practice of law. It is, however, unclear what specific advice Mr. Yancey gave. While there was testimony that Mr. Yancey selected the chapter under which Ms. Builta filed, chapter 7, it is clear

that this was Ms. Builta's intent from the very beginning and that she had no ability to fund a chapter 13 plan. While there was testimony that Mr. Yancey selected the exemptions on Schedule C, "Property Claimed as Exempt", the schedule – despite listing several exemptions not claimed[1] – only claims an exemption for Ms. Builta's furniture and electronics under Va.Code Ann. §34-26(4a). Mr. Yancey may well have made the decision as to the statutory basis for the claim of exemption for the furniture and electronics, but the evidence is not sufficiently clear. The court cannot determine with sufficient particularity what information was made available to Ms. Built, when it was made available and who actually made the decision on the claim of exemptions. The selection is fairly obvious if one knows of the exemption in the first instance. It could well have been Ms. Builta's decision. Overall, the testimony does not rise to the level that satisfies the court that Mr. Yancey engaged in the unauthorized practice of law.

The central issue, though, is the quality of the services rendered. The quality of the services rendered are consistent with someone who is not familiar with the Bankruptcy Code or the schedules, statements and disclosures that must be completed in a bankruptcy case and were prepared, at least in part, as an accommodation.[2] But, the absence of quality does not necessarily translate into a violation of 11 U.S.C. §110 and the consequent sanctions under 11 U.S.C. §110(i). Quality, particularly as reflected in the accuracy of the schedules, certainly affects the determination of the proper compensation for a bankruptcy petition preparer. The accuracy of the bankruptcy petition preparer's disclosure of his own compensation is another. A bankruptcy petition preparer may well

---

[1] For example, the homestead exemption is listed, but the value claimed exempt is " $0.00".

[2] Mr. Yancey recognized that by accepting compensation for his services, he was a bankruptcy petition preparer. Accommodation as an explanation or a defense, in whole or in part, is unavailing to one who accepts any compensation. 11 U.S.C. §110(a).

3

be limited to his own disclosure.  In this instance, the amount of time the work took to perform and the quality of the work performed show that the appropriate fee is that which Mr. Yancey disclosed, $200.  The balance of the fee, $500, to the extent actually paid, will be disgorged to the chapter 7 trustee.  11 U.S.C.  §110(h)(3)(A) ("The court shall disallow and order the immediate turnover *to the bankruptcy trustee* any fee . . . found to be [excessive]").[3]

    Alexandria, Virginia
    September 3, 2009

    /s/ Robert G. Mayer
    Robert G. Mayer
    United States Bankruptcy Judge

Frank J. Bove
Robert O. Tyler
Daniel L. Grubb

Sara Builta
8225 Adenlee Ave. #101
Fairfax, VA 22031

15449

---

[3] Section 110(h)(3)((C) permits the debtor to exempt these funds.  In the event that the debtor fails to properly exempt them and the trustee concludes that the funds turned over to him are, in conjunction with all other assets recovered or recoverable, of inconsequential value, he may abandon them to the debtor.